02-10-525-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00525-CR 

 

 


 
 
 Charles Levi Miller
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE
90th District Court OF Young
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Charles Levi Miller of aggravated assault with a
deadly weapon, and the trial court sentenced him to fifteen years’ confinement
on June 16, 2010.  Appellant did not file
a motion for new trial, so his notice of appeal was due July 17, 2010.  See
Tex. R. App. P. 26.2(a)(1) (providing that notice of
appeal must be filed within thirty days of sentencing in the absence of a
timely-filed motion for new trial).  He
did not file his notice of appeal until December 2, 2010; thus, it was untimely.

Accordingly,
we informed Appellant by letter on December 9, 2010, that this appeal was
subject to dismissal unless Appellant or any party showed grounds for
continuing the appeal on or before December 20, 2010.  Appellant and his appointed counsel responded,
but the responses do not show grounds on which this court may rely for
continuing this appeal.

A
notice of appeal that complies with the requirements of rule 26 is essential to
vest this court with jurisdiction.  Id.  The Texas Court of Criminal Appeals has
expressly held that, without a timely filed notice of appeal or motion for
extension of time, this court cannot exercise jurisdiction over an appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996).  Only the Texas Court
of Criminal Appeals may grant Appellant an out-of-time appeal.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon Supp. 2010); Olivo,
918 S.W.2d at 525 n.8; Cotton v. State,
No. 02-10-00001-CR, 2010 WL 520814, at *1 (Tex. App.—Fort Worth Feb. 11, 2010,
pet. ref’d) (mem. op., not
designated for publication).

Because
Appellant’s notice of appeal was untimely filed, we dismiss this case for want
of jurisdiction.  See Tex. R. App. P. 26.2(a)(1), 43.2(f).

 

PER CURIAM

 

PANEL:  GARDNER, WALKER,
and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 13, 2011











          [1]See Tex. R. App. P. 47.4.